# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:06CV97

| | |
|---|---|
| RONALD H. CARVER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOANNE B. BARNHART, )<br>Commissioner, Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Summary Judgment" (Document No. 14) and "Plaintiff's Brief Supporting Motion for Summary Judgment" (Document No. 15), filed January 16, 2007; and the Defendant's "Motion for Summary Judgment (Document No. 16) and "Memorandum in Support of the Commissioner's Decision" (Document No. 17), filed February 22, 2007. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Commissioner's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On August 25, 2003, Plaintiff applied for a period of disability and Social Security Disability Insurance Benefits, alleging that he became disabled on September 30, 1997 as a result of diabetes

mellitus. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held September 23, 2005. On November 16, 2005, the ALJ issued an opinion denying Plaintiff's claim. Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On June 21, 2006, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on August 10, 2006, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it

is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to June 30, 2001, the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from diabetes mellitus, an impairment that is "severe" within the regulatory meaning, but that does not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity to perform "light" work which involves lifting no more than twenty pounds occasionally, ten pounds frequently, and standing or walking for six hours, and sitting for the remaining two hours in an eight-hour workday; that Plaintiff has a tenth grade education; and that

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

based upon his residual functional capacity, Plaintiff is able to return to his past relevant work. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends on appeal that the substantial weight of the evidence does not support the ALJ's finding that he was not disabled. Specifically, Plaintiff claims that the ALJ lacked sufficient evidence to properly analyze and support a decision on his disability claim. While certainly additional evidence might have been helpful, the undersigned concludes that the ALJ's treatment of medical records from Plaintiff's treating physicians, evidence from the non-treating physicians, the Plaintiff's wife's testimony concerning his impairment, and the Plaintiff's subjective complaints of pain, were proper. The undersigned further concludes that there is substantial evidence to support the ALJ's findings regarding Plaintiff's impairment, as well as the ultimate conclusion that Plaintiff was not disabled so as to preclude him from working.

It is acknowledged that the record contains relatively few medical reports pertaining to the relevant time period under review by the ALJ. However, the Court finds that the record as a whole is sufficient to support the ALJ's decision. Plaintiff contends that such a brief medical record requires the ALJ to take appropriate steps to ensure that the record is sufficiently complete before the ALJ can render a proper decision. 20 C.F.R. § 404.1512(e) and (f) (2006). Plaintiff further contends that pursuant to the Hearings, Appeals and Litigation Law Manual (HALLEX), the ALJ may need to obtain an opinion from a medical expert (ME) when he has "reasonable doubt about the adequacy of the medical record in a case, and believes that an ME may be able to suggest additional relevant evidence." HALLEX § I-2-5-34. Plaintiff concludes that without any further addition to the record, there was not sufficient evidence to support a decision by the ALJ. The undersigned

disagrees.

Federal regulations provide that Plaintiff retains the burden of proving that his impairment meets the requirements for disability status. 20 C.F.R. § 404.1521(a). Plaintiff bears the responsibility of providing all evidence that may affect his case, especially when he is represented by an attorney. Birchfield v. Harris, 509 F.Supp. 2511, 253 (E.D. Tenn. 1980); 20 C.F.R. § 404.1740(b)(1) (2006). The ALJ does maintain a duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). However, the ALJ is not expected to act as "the claimant's substitute counsel and need only develop a reasonably complete record." Bell v. Chater, 57 F.3d 1065 (4th Cir. 1995), 1995 WL 347142 at *4 (unpublished) (citations omitted). Moreover, the ALJ cannot be properly challenged for failure to develop the record when the record appears to present all relevant facts, and counsel was given the full opportunity to present any issues, questions or evidence. See Jones v. Bowen, 699 F.Supp. 693, 696-97 (N.D. Ill. 1988).

Here, although Plaintiff's counsel noted the brief medical records, at no time prior to or during the hearing did he request the opportunity to present additional evidence or medical expert testimony. The absence of such complaints and the lack of requests for more information suggests that the record was satisfactory to the Plaintiff. The undersigned finds that the ALJ sufficiently met his duty in developing an adequate record for the determination of Plaintiff's disability claim. More evidence might have made for an easier decision, but as set out below, the record was sufficient for a decision on disability.

There was in fact substantial evidence to support the ALJ's determination. The record included evidence from Plaintiff's treating physicians, Dr. Eisen, Occupational Heath Partners, and

Dr Kutner, a referral from Disability Determination Services. (Tr. 105-17, 118-21). The medical records provide evidence of the diagnosis and some history of the treatment for Plaintiff's diabetic condition. (Tr. 15). A note from Dr. Eisen, dated February 11, 1999, diagnosed Plaintiff with diabetes mellitus Type II, indicated that Plaintiff's physical examination results were normal, and advised Plaintiff to maintain his diabetic regimen. Dr. Eisen further noted that Plaintiff had not been seen in five years. A subsequent note from Occupational Health Partners, dated November 13, 2000, shows Plaintiff's treatment for stabilization of his serum glucose, requiring frequent medications, urination, and snacks. Dr. Kutner, on December 29, 2003, performed a functional assessment for the Plaintiff and found that the results did not support the Plaintiff's numerous medical complaints. As previously noted in his earlier exam, Plaintiff's physical as well as his functional assessment were normal. (Tr. 120).

The ALJ further considered evidence from two non-examining physicians pertaining to Plaintiff's residual functional capacity. The first non-examining physician, Dr. Baltazar, concluded from the record that Plaintiff was not disabled for social security purposes and maintained a residual functional capacity for light work. (Tr. 123). The second non-examining physician, Dr. Virgili, made no findings and concluded that there was insufficient evidence to assess the Plaintiff's residual functional capacity. (Tr. 137). While the conclusions of the non-examining physicians were different, the ALJ was free to follow the opinion that was most consistent with the evidence from the record. See Hayes v. Gardner, 376 F.2d 517, 520-21 (4th Cir. 1967). In this case, the ALJ concluded that Dr. Baltazar's assessment was most consistent with the record and therefore adopted his findings regarding Plaintiff's residual functional capacity.

In addition to the objective medical record addressed above, the ALJ considered Plaintiff's

subjective complaints of pain and heard testimony from Plaintiff's wife concerning his condition. The ALJ found the Plaintiff's testimony concerning the severity of his impairments and the extent of his limitations not to be fully credible. (Tr. 17). The Plaintiff's complaints were inconsistent with the treatment for his condition during the alleged period of disability. The medical evidence contradicts the alleged severity of Plaintiff's symptoms, as treatments for his condition were minimal with infrequent trips to the doctor. (Tr. 17). The records also indicate that Plaintiff had difficulties maintaining his diabetic regimen, which further exhibits a discrepancy in the alleged severity of his impairment. (Tr. 17). As stated above, Dr. Kutner, one of the treating physicians, observed in a 2003 examination that Plaintiff's condition appeared normal and was not consistent with his medical complaints.

Along with these medical treatment inconsistencies, the ALJ also found Plaintiff's work activity during the time in question to further discredit the alleged severity of his condition. The earnings record in the file indicates that Plaintiff participated in work activity in 1998 and 1999. (Tr. 14). Although the work did not constitute substantial gainful activity, it does suggest that Plaintiff's daily activities were more than he reported. (Tr. 17). The ALJ concluded, as does the undersigned, that for the reasons listed above, the Plaintiff's allegations regarding his limitations and severity of pain are not totally credible.

The undersigned further notes that it was in the discretion of the ALJ to determine if the record contained sufficient evidence for a determination on disability. As noted above and within Plaintiff's brief, the ALJ is charged with deciding whether the evidence is adequate. Also stated above, the ALJ must have doubts about the adequacy of the record in order to request the opinion of a medical expert. Because the decision to call a medical expert is within the discretion of the

Commissioner, the reluctance to do so may not render a basis for vacating the decision. See Rodriguez-Pagan v. Secretary of Health and Human Services, 819, F.2d 1, 5 (1st Cir. 1987). The undersigned agrees with the ALJ that the record was sufficiently complete so as not to require additional investigation or the opinion of a medical expert.

Based on the foregoing, the undersigned concludes that substantial evidence supports the ALJ's findings that Plaintiff was not disabled for Social Security purposes.

## V. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

The "Motion for Summary Judgment" (Document No. 14), filed January 16, 2007, is **DENIED**; the "Motion for Summary Judgment (Document No. 16), filed February 22, 2007, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: June 19, 2007

David C. Keesler
United States Magistrate Judge